## DETERMINED IN THE

# SECOND DEPARTMENT,

### AT

# GENERAL TERM,

## May, 1883.

---

MARIA MERRITT AND OTHERS, RESPONDENTS, *v.* THE VIL-
LAGE OF PORTCHESTER AND JOHN LEONARD, ITS
TREASURER, APPELLANTS.

*Assessment — power to determine the cost of the improvement — when conferred upon
the board of trustees of a village it cannot be delegated by such board to commission-
ers — irregularities in proceedings to open a street will not defeat an assessment for
grading it.*

Chapter 227 of 1877, as amended by chapter 277 of 1878, authorized the board of
trustees of the village of Portchester to cancel any illegal, unjust or irregular
assessment, and provided that "the said board of trustees shall thereupon
proceed to ascertain and determine the actual cost and expense paid or
incurred for such improvement, * * * and lawful interest thereon from
the time when the same shall have been paid; * * * and thereupon and
thereafter commissioners of estimate and assessment shall be appointed." By
these commissioners the assessments were to be made.

*Held,* that the duty of determining the costs and expenses of the improvement
was imposed upon the board of trustees, and that they could not delegate it
to the commissioners.

That the adoption by the board of trustees of the report of the commissioners,
fixing the assessment, was not such an ascertainment and determination of the
costs and expenses by the board as was required by the act.

*It seems,* that irregularities and informalities in proceedings taken for the opening
of a street cannot be set up to defeat an assessment subsequently imposed for
the grading thereof.

APPEAL from a judgment in favor of the plaintiffs, entered upon
the trial of this action by the court without a jury.

The action was brought to restrain the defendant from making a sale of the plaintiffs' lots, and to set aside an assessment for the expense of grading Hassico avenue in the village of Portchester.

Section 46 of chapter 227 of 1877, as amended by chapter 277 of 1878, authorized the board of trustees of the village of Portchester to cancel and vacate any illegal, unjust or irregular assessment, and section 47 of the act of 1877, provided that "the said board of trustees shall thereupon proceed to ascertain and determine the actual cost and expense paid or incurred for such improvement * * * and lawful interest thereon from the time when the same shall have been paid * * * and thereupon and thereafter commissioners of estimate and assessment shall be appointed." By these commissioners assessments were to be made.

*Edward Wells,* for the appellant.

*Ralph E. Prime* and *Calvin Frost,* for the respondent.

BARNARD, P. J.:

The village of Portchester was incorporated by act of the legislature in 1875. (Chap. 245.) Hassico avenue was a road laid out under the general highway laws before the charter was passed. The village included this road when it was incorporated. The village trustees were made commissioners of highways within the limits of the village, with power to grade and otherwise improve its streets or roads. Proceedings were taken by the village under its charter to grade this street. The opening of the street was no part of the work proposed. The village formed the street and attempted to work it. The evidence shows some informalities in the proceedings to open the street, but no one interested objected to its being opened, and the plaintiffs received their damages for the land taken from them. It would not probably be in the power of those objecting to the proceedings taken by the village, to question collaterally the proceedings taken by the overseers of highways before defendant was incorporated. The opening was submitted to and it thus became a highway. The question is not material, because the proceedings to work the road and to impose an assessment for the work upon parties benefited thereby, must be strictly followed to make such assessment a lien. These proceedings were irregular and

illegal, and the assessment against the plaintiffs was declared void by the Court of Appeals. The legislature, by chapter 227, Laws of 1877, amended the charter so that an assessment irregularly made and set aside could be reassessed upon the lands benefited, by new proceedings. This amendment had no retroactive effect, and the legislature again amended the charter by chapter 277, Laws of 1878. By this amendment the village trustees had the power to reassess this assessment, when any such original assessment proceedings shall have been previously set aside for "any irregularity or defect." The first requisite to such reassessment was that "the said board of trustees shall thereupon proceed to ascertain and determine the actual cost and expense paid or incurred for such improvement, including engineers, surveyors and counsel fees, and lawful interest thereon from the time when the same shall have been paid." This was never done. The assessment against the plaintiff, under the original proceedings, was set aside on the 26th of November, 1877. In October, 1878, the trustees, by resolution, appointed three commissioners "to estimate and assess the expenses of grading of the said Hassico avenue as authorized and directed by resolution of said trustees, passed September 24, 1873, to be done." When a power of taxation is delegated to village trustees, it cannot be by the trustees delegated to commissioners. The ascertainment and determination as to the actual costs and expenses was to be made by the trustees. The commissioners alone fixed the amount which they assessed. The adoption of their report by the trustees was not an ascertainment and determination of the actual costs of the work. The trustees were bound to fix a specified sum, and the commissioners were to apportion that upon the lands within the district of assessment. Instead of pursuing this course the commissioners fixed the amount of the tax based upon what they say is the cost and the trustees approve. This course of procedure was entirely irregular, and the assessment attempted to be imposed thereby failed to be a lien upon the lands of the plaintiffs. The judgment should therefore be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.